Gary HURT, in his individual capacity as Employee of the Jefferson County Board of Education and Gary Hurt, Principal Of Valley High School, Appellants

v.

Barbara PARKER, Appellee

NO. 2011-CA-002257-MR

Court of Appeals of Kentucky.

RENDERED: MAY 1; 2015; 10:00 A.M.

BRIEF FOR APPELLANT: Byron E. Leet, Ekundayo Seton, Louisville, Kentucky

ORAL ARGUMENT FOR APPELLANT: Ekundayo Seton, Louisville, Kentucky

BRIEF AND ORAL ARGUMENT FOR APPELLEE: Damon B. Willis, Louisville, Kentucky

BEFORE: COMBS, J. LAMBERT, AND NICKELL, JUDGES.

## OPINION

COMBS, JUDGE:

Gary Hurt appeals the order of Jefferson Circuit Court which denied his motion for summary judgment. This case is before us on remand from the Supreme Court of Kentucky. We rendered our opinion affirming on January 4, 2013. On October 15, 2014, the Supreme Court remanded the case for us to reconsider in light of *Marson v. Thomason,* 438 S.W.3d 292 (Ky.2014). Upon second review, and in light of *Marson,* we now vacate and remand.

Hurt is the principal of Valley High School in Louisville. On September 19, 2009, the Valley Youth Football League held a game at the high school. Appellee, Barbara Parker, attended the game. As she was leaving, she tripped on some uneven, cracked concrete in the parking lot

and fell. Parker suffered significant injuries.

On August 30, 2010, Parker filed a complaint in Jefferson Circuit Court alleging that Principal Hurt; William Raleigh, the athletic director of Valley High; and the Football League negligently failed to maintain the parking lot, thus causing Parker's injuries. Hurt and Raleigh were named as defendants both in their official capacities and as individuals. The claims against Raleigh and the Football League were subsequently dismissed; they are not involved in this appeal. Hurt filed a motion for summary judgment on June 23, 2011. On September 19, 2011, the court entered an order which granted Hurt's motion with respect to the claims against him in his official capacity. However, it left intact the claims against Hurt in his individual capacity. This appeal follows.

Hurt argues that the trial court erred when it declined to find that he was entitled to qualified official immunity. We first note that Kentucky Rule[s] of Civil Procedure (CR) 54.01 limits appealable judgments to final orders. Although the court's order overruling the motion to dismiss based on immunity is not a final order, our Supreme Court has held that such an interlocutory order is properly subject to appeal.

> Except for CR 54.02, which permits certain interlocutory appeals that promote judicial economy, these examples are all provisions authorizing interlocutory appeals to address substantial claims of right which would be rendered moot by litigation and thus are not subject to meaningful review in the ordinary course following a final judgment. We agree with the Court of Appeals that orders denying claims of immunity raise this same concern and likewise should be subject to prompt appellate review.

*Breathitt County Bd. of Educ. v. Prater,* 292 S.W.3d 883, 886 (Ky.2009).

The doctrine of immunity is "a bedrock component" of our law. *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.,* 286 S.W.3d 790, 799 (Ky.2009). Immunity takes various forms depending on the actors, functions, and context. *Sovereign immunity* allows the "state, legislators, prosecutors, judges, and others doing the essential work of the state" immunity from fear of suit. *Autry v. Western Kentucky Univ.,* 219 S.W.3d 713, 717 (Ky.2007). While they are not entitled to sovereign immunity, state agencies have *governmental immunity* in performing government functions. *Yanero v. Davis,* 65 S.W.3d 510, 519 (Ky.2001).

> ...[G]overnmental immunity shields state agencies from liability for damages only for those acts which constitute governmental functions, *i.e.,* public acts integral in some way to state government. *Id.* The immunity does not extend, however, to agency acts which serve merely proprietary ends, *i.e.,* non-integral undertakings of a sort private persons or businesses might engage in for profit. *Id.* Under these rules, we have held that
>
> > [a] board of education is an agency of state government and is cloaked with governmental immunity; thus, it can only be sued in a judicial court for damages caused by its tortious performance of a proprietary function, but not its tortious performance of a governmental function, unless the General Assembly has waived its immunity by statute.

*Breathitt County Bd. of Educ. v. Prater,* 292 S.W.3d at 887. It is settled that school boards enjoy governmental immunity. *James v. Wilson,* 95 S.W.3d 875, 903 (Ky. App.2002).

When the employees of a governmental agency (*e.g.,* a school board) are

sued in their individual capacities, they are subject to *qualified official immunity. Bolin v. Davis*, 283 S.W.3d 752, 757 (Ky. App.2008). Qualified official immunity prevents public officers or employees from being liable for:

> the negligent performance ... of (1) discretionary acts or functions, i.e., those involving the exercise of discretion and judgment or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority.... Conversely, an officer or employee is afforded **no immunity** from tort liability for the negligent performance of a **ministerial** act, i.e., one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts.

*Yanero v. Davis*, 65 S.W.3d at 522. (Emphasis added) (Citations omitted).

The parties do not dispute the scope of Hurt's duties as principal. The record includes a description of them. It shows that as principal, Hurt " [a]ssumes overall responsibility for the total operation of [the school] including directing and evaluating school operations...." Additionally, the principal "[d]irects the utilization of available services and resources according to clearly established priorities and needs."

Based on this job description, the trial court found that the duty to maintain the parking lot was ministerial since it is encompassed by "total operation" of the facilities and involves direction of resources to meet the needs of the school. However, in light of *Marson, supra,* which was rendered after this case went through its trial and first appeal, we must re-visit the discretionary *versus* ministerial analysis in this matter.

The facts of *Marson* are similar to the ones in the case before us. *Marson* addressed a principal's responsibilities with respect to school facilities. Anthony Thomason was a middle school student who was legally blind. Every morning, the students were assembled in the school gymnasium before classes began. However, one morning, the bleachers were not fully extended. Anthony fell several feet and was injured. *Id.* at 295. The Thomasons filed a complaint, naming the school principal as one of the defendants.

The Supreme Court held that in general, "looking out for children's safety is a discretionary function for a principal." *Id.* at 299. It pointed out that the principal had assigned the specific or ministerial function of preparing the gymnasium to the custodians. Devising procedures, assigning duties, and reasonable determination that those procedures are being performed are discretionary acts. *Id.* at 299–300. The Court noted that the principal did not have a day-to-day duty to follow custodians or conduct inspections. Thus, the principal was entitled to qualified immunity.

The Court explained as follows:

> Immunity is reserved for those governmental acts that are not prescribed, but are done, such as policy-making or operational decision-making, without clear directive. The responsibility for such acts rests on the individual who has made a decision to act based on his judgment, without established routine, or someone else in the process to allow burden-shifting. For this reason, and to ensure that governmental officials will exercise discretion when needed, our law allows qualified immunity from suit on the performance of discretionary acts. This is a policy decision that has long been the law of the Commonwealth.

*Id.* at 302.

When viewed in light of *Marson,* Hurt's duty to supervise the condition of the

parking lot must be deemed to be discretionary. The scope of the position of principal does not include daily inspection of the parking lot or personally undertaking repairs. Furthermore, we note that the crack in the pavement was approximately one inch. The principal's job description explicitly designates prioritization of repairs to be performed *at his discretion.* As the Supreme Court emphasized, such decisions should not be influenced or hampered by fear of litigation.

We must conclude that Hurt's duties were discretionary and that, therefore, the trial court erred in denying his motion for summary judgment. We emphasize that neither the trial court nor the appellate panel in the first appeal had the guidance of precedent of *Marson.*

We vacate the order and remand for entry of an order granting summary judgment.

ALL CONCUR.